Case 1:24-cv-00546-KHP Document 48 Filed 07/29/26 Page 1 of 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/5/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DIANNE ROSE, as Administrator of the Estate of Paul A. Rose,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 24-cv-546 (KHP)

**STIPULATION AND PROPOSED PRIVACY ACT AND PROTECTIVE ORDER**

Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Privacy Act Order and Protective Order, upon the joint request of the parties, for the purposes of facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), and assuring the confidentiality of information that may be disclosed by the parties or by any non-party agencies, departments, or offices of the United States of America (the "United States") in the course of discovery proceedings. The Court, having found that good cause exists for entry of this Privacy Act Order and Protective Order, it is hereby:

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the United States to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. However, nothing in this paragraph shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities.

2. Counsel for any party may designate any document or information, in whole or in part, as Protected Information if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information, or information protected from disclosure by the Privacy Act. Information and documents designated by a party as Protected Information will be stamped "

Case 1:24-cv-00546-KHP Document 48 Filed 07/29/26 Page 2 of 5

Protected Information."

3. The disclosed discovery material designated Protected Information will be held and used by the person receiving such information solely for use in connection with the action.

4. In the event a party challenges another party's designation of Protected Information, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that discovery material designated Protected Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the discovery material designated as Protected Information.

5. The parties should meet and confer if any production requires a designation of"For Attorneys' or Experts' Eyes Only." All other documents designated as "Protected Information" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
   d. The Court (including the mediator, or other person having access to any Protected Information by virtue of his or her position with the Court).

6. Prior to disclosing or displaying the discovery material designated Protected Information to any person,counsel must:

   a. Inform the person of the confidential nature of the information or documents;
   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
   c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7. The disclosure of a document or information without designating it as "Protected Information" shall not constitute a waiver of the right to designate such document or information as Protected Information. If so designated, the document or information shall thenceforth be treated as Protected Information subject to all the terms of this Stipulation and Order.

Case 1:24-cv-00546-KHP Document 48 Filed 07/29/26 Page 3 of 5

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received Pll experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect Pll from unauthorized disclosure.

9. Restrictions on Use of Artificial Intelligence ("AI") to process Protected Information: Absent notice to and written permission from the producing party, any person or entity authorized to have access to Protected Information under the terms of this Order shall not (a) use or employ any "open system" AI application, service, or analytical software that will transfer, transmit, send, or allow unauthorized persons access to Protected Information of Highly Confidential Information, in whole or in part, including metadata, or (2) permit any Protected Information to be used to train any publicly accessible artificial intelligence tool. The parties may utilize private "closed system" AI tools, subject to all other Federal Rules of Civil Procedure, attorney ethical obligations, and the law.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as “Protected Information” in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court’s procedures with respect to filing under seal.

12. At the conclusion of litigation, discovery material designated Protected Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties'

Case 1:24-cv-00546-KHP Document 48 Filed 07/29/26 Page 4 of 5

counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. Nothing herein shall preclude the parties from disclosing material designated to be Protected Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dianne Rose

Dated: August 4, 2026

/s/Chibogu Nneka Nzekwu

Dated: August 4, 2026

**SO ORDERED.**

Katharine H Parker

**KATHARINE H. PARKER**
United States Magistrate Judge

Dated: New York, New York
August 5, 2026

Case 1:24-cv-00546-KHP Document 48 Filed 07/29/26 Page 5 of 5

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as Protected Information. I have been informed that any such documents or information labeled "PROTECTED INFORMATION" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

______________________________________

Signed in the presence of:

______________________________________

(Attorney)